Robert D. Vogel (SBN 63091)
robert.vogel@jacksonlewis.com
Danielle C. Cepeda (SBN 327502)
danielle.cepeda@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Defendant
COLONIAL LIFE & ACCIDENT INSURANCE CO.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO OLIVIA ALVITRE, individually, and on behalf of other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLONIAL LIFE & ACCIDENT INSURANCE CO., and DOES 1 to 20, inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-6289<br><br>**DECLARATION OF JUSTIN BROWN AND EXHIBITS IN SUPPORT OF DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S NOTICE OF REMOVAL**<br><br>(Filed concurrently with Civil Case Cover Sheet; Notice of Removal; Declarations of Robert D. Vogel (and Exhibits thereto) and J. Paul Julienne; Corporate Disclosure Statement; Notice of Interested Parties; and Notice to Adverse Parties) |

## DECLARATION OF JUSTIN BROWN

I, Justin Brown, declare as follows:

1. I am over the age of 18 and competent to testify. I submit this declaration in support of Defendant COLONIAL LIFE & ACCIDENT INSURANCE CO.'s ("Defendant") Notice of Removal of Civil Action to the United States District Court for the Central District of California – Western Division,

1

pursuant to 28 U.S.C. sections 1332, 1441(a) and (b). The following is based on my personal knowledge except where otherwise indicated and if called as a witness, I can and would testify competently thereto.

2. I am currently employed by Unum Group, a holding company of Defendant, as an Assistant Vice President, Field Contract Compliance and have held this position since January 10, 2021.

3. In the ordinary course of business, Defendant maintains service agreements for the independent contractors who perform services for Defendant. For purposes of this declaration, I reviewed Plaintiff's Complaint and the documents referenced hereafter that are attached hereto. This declaration is made based on my personal knowledge and review of these documents and the analysis and assumptions based thereon that were done at my direction.

4. Plaintiff SOCORRO OLIVIA ALVITRE has performed services as an independent contractor for Defendant pursuant to a service agreement from January 2015 through the present.

5. Throughout the time period during which Plaintiff has provided services for Defendant, Defendant's records reflect that Plaintiff maintained a residential and mailing address in Norwalk, California.

6. According to Plaintiff's Complaint, the class Plaintiff seeks to represent in this case are all current and former California domiciled insurance salespersons who, at any time during the four (4) years prior to the July 29, 2022, filing of the complaint in state court in this case, were allegedly misclassified as independent contractors.

7. Attached as Exhibit 1 hereto is a true, complete and accurate exhibit which reflects that for the time period July 29, 2018, four (4) years prior to the filing of the complaint in state court in this case, to and through August 18, 2022, Defendant utilized 1,311 California domiciled independent contractors that Defendant's records reflect maintained a residential and mailing address in California.

8. The "CTR_STA_DT" column of Exhibit 1 reflects the commencement date and, if applicable, the "CRT_STO_DT" column reflects the end date for each such independent contractor based upon Defendant's business records during the above time period. If no end date is reflected, that means those independent contractors have remained contracted with the Defendant from each such independent contractor's start date to and through at least August 18, 2022.

2
DECLARATION OF JUSTIN BROWN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
CASE NO.:

9. Utilizing the start and end dates as if they were periods of continuous employment for the independent contractors listed on Exhibit "1", it was estimated the number of work weeks for all such individuals from July 29, 2018 to and through August 18, 2022 was **125,707.96**, and a 50% variable of that total would be **62,858.34**.

10. Using the same data, it was estimated that the number of bi-weekly pay periods that would have been employed by the Defendant for its California domiciled independent contractors, if such individuals had been employed rather than as independent contractors, between July 29, 2021 and August 18, 2022 would be **21,691.30** and a 50% variable of that total would be **10,850.20**.

11. Applying the same above variables to all such independent contractors, using the above number of work weeks and bi-weekly pay periods and a $20 hour straight time variable rate, it is my understanding and belief the following represents the estimated potential damages Plaintiff seeks on her own behalf and on behalf of all current and former California domiciled insurance salespersons Defendant utilized in California between July 29, 2018 and August 18, 2022.

12. In doing so, it is my understanding and belief the following potential estimated damages are based upon the specific seven (7) substantive violations Plaintiff alleges in her complaint in this case to have been and continue to be violated. They are as follows:

**Failure To Pay Meal Period Compensation:** It is my understanding and belief if the above 50% of total work weeks was multiplied by the above hourly rate by the variable number of weekly meal period violations and assuming one (1) violation for each work week, there would be **62,858.34** work weeks times $20 per hour for a total of **$1,257,166.80.**

**Failure To Pay Rest Period Compensation:** It is my understanding and belief if the above 50% of total work weeks was multiplied by the above hourly rate by the variable number of weekly rest break violations and one (1) violation each work week is assumed, there would be **62,858.34** work weeks times $20 per hour for a total of **$1,257,166.80.**

**Failure To Pay State Minimum Wage:** It is my understanding and belief that if the above number of work weeks is multiplied by the above hourly rate by the variable amount of weekly unpaid straight time compensation and you assume 30 minutes were worked off the clock at straight time, there would be **62,858.34** work weeks times $20 per hour times 0.5 hours totaling **$628,583.40.**

**Failure To Pay Overtime Compensation:** It is my understanding and belief that if the above number of work weeks is multiplied by the above hourly rate by 1 1/2 times the variable amount of weekly unpaid overtime, assuming 30 minutes of overtime was worked off the clock each work week, there would be **62,858.34** work weeks times $20 per hour at time and half times 0.5 hours totaling **$942,875.10.**

**Failure To Indemnify For All Necessary Expenses And Losses:** It is my understanding and belief that if you multiplied the above number of work weeks by a variable amount ($2.50 per week) of weekly unreimbursed business expenses for the **62,858.34** work weeks, the total expense would be **$157,145.85.**

**Failure To Furnish Timely and Accurate Wage Statements:** It is my understanding and belief that if you apply a $50 penalty to the first pay period and a $100 penalty for each subsequent pay period for a maximum total penalty of **$4,000** for each such independent contractor consistent with California Labor Code Section 226, the total would be **$1,034,177.00.**

**Waiting Time Penalties:** It is my understanding and belief there were 525 independent contractors who had one (1) end date and two (2) independent contractors who had two (2) separate end dates during the 3-year review period. It is also my understanding and belief, consistent with California Labor Code Section 203, that if an independent contractor had an end date more than 30 days prior to August 18, 2022 and if you multiplied the above hourly rate by eight (8) hours by 30 calendar days by 527 applicable end dates, the total would be **$2,529,600.00**

13. Based upon the above, it is my understanding and belief that the total damages Plaintiff seeks in her complaint from July 29, 2018 to and through August 18, 2022, is **$7,806,714.95** which is summarized in Exhibit "2" attached hereto.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 1st day of September, 2022, at Columbia, South Carolina.

/s/ Justin Brown

---
4
DECLARATION OF JUSTIN BROWN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
CASE NO.: