# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/29/2022 02:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

JOSEPH TOJARIEH (SBN 265492)
STONEBROOK LAW
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Tel: (310) 553-5533 | Fax: (310) 553-5536
jft@stonebrooklaw.com

JASMINE DUEL (SBN 271872)
DUEL LAW FIRM
270 North Canon Drive, Third Floor
Beverly Hills, California 90210
Tel: (310) 975-7095 | Fax: (310) 846-8549
jasmine@duellawfirm.com

Attorneys for plaintiff
SOCORRO OLIVIA ALVITRE

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SOCORRO OLIVIA ALVITRE: individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 22STCV24601 <br><br> **Class Action Complaint for Damages and Injunctive and Declaratory Relief Based On:** |

1. **Failure to Pay State Minimum Wage (Cal. Lab. Code §§ 510, 1194, 1194.2, 1197, and 1198; IWC Wage Order No. 4-2001; IWC Minimum Wage Order No. MW-2014, MW-2017, MW-2019, and MW-2021)**
2. **Failure to Pay Overtime Compensation (Cal. Lab. Code §§ 510, 1194, and 1198; IWC Wage Order No. 4-2001)**
3. **Failure to Pay Meal Period Compensation (Cal. Lab. Code §§ 226.7, 512, and 1198; IWC Wage Order No. 4-2001)**
4. **Failure to Pay Rest Period Compensation (Cal. Lab. Code §§ 226.7 and 1198; IWC Wage Order 4-2001)**
5. **Failure to Furnish Timely and Accurate Wage Statements (Cal. Lab. Code §§ 226 and 1198; IWC Wage Order No. 4-2001)**
6. **Waiting Time Penalties (Cal. Lab. Code §§ 201, 202, and 203)**
7. **Failure to Indemnify for All**

1

COMPLAINT

**Necessary Expenditures and
Losses (Cal. Lab. Code § 2802)**

8.  **Unfair Competition (Cal. Bus. &
Prof. Code § 17200, et seq.)**

**DEMAND FOR JURY TRIAL**

Plaintiff Socorro Olivia Alvitre complains and alleges against Defendant Colonial Life &
Accident Insurance Company, individually and on behalf of all persons currently and formerly
employed by Defendant in California as insurance salespersons or in other non-exempt positions
with similar job titles, descriptions, and/or duties (the "Class Members"), as follows:

## THE PARTIES

### Plaintiff

1.      Plaintiff is, and at all relevant times was, an individual residing in Los Angeles
County, California.

### Defendant

2.      Defendant is, and at all relevant times was, a South Carolina corporation doing
business in California.

### Does

3.      Plaintiff is unaware of the true names and capacities of the defendants sued herein
as Does 1 through 100, inclusive, and, therefore, sues these defendants by such fictitious names.
Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously
named defendants when the same have been ascertained. Plaintiff is informed and believes and
based thereon alleges that each fictitiously named defendant is responsible in some manner for
the occurrences alleged herein and that Plaintiff's damages were proximately caused by their
conduct.

### Agency

4.      Plaintiff is informed and believes and based thereon alleges that at, all material
times, each defendant was the agent, employee, partner, joint venture, co-conspirator, owner,

2

COMPLAINT

1   principal, and employer of the remaining defendants, and is, and at all times herein mentioned

2   was, acting within the course and scope of that agency, employment, partnership, conspiracy,

3   ownership or joint venture. Plaintiff is further informed and believes and based thereon alleges

4   that the acts and conduct alleged herein were known to, and authorized, directed, and/or ratified

5   by, the officers, directors, and managing agents of the business entity defendants, and each of

6   them.

7                                   **FACTUAL BACKGROUND**

8                                   ***Background on Defendant***

9           5.      Defendant sells various insurance such as life insurance, disability insurance, and

10  other types of insurance to both public and private employers for the benefit of its employees.

11  Defendant operates nationwide and throughout many parts of California.

12                                  ***Plaintiff's Employment***

13          6.      Plaintiff began working for Defendant in approximately May 2013 as an insurance

14  salesperson.  She initially started as a public sector representative in the city of Los Angeles. In

15  approximately 2015, Plaintiff sold insurance to both employees of the city of Los Angeles and

16  Los Angeles County.

17          ***Defendant's Misclassification of Class Members as Independent Contractors***

18          7.      Throughout the course of her employment, Defendant misclassified Class

19  Members as independent contractors, rather than employees. Class Members were not free from

20  the control and direction of Defendant in the performance of their job. At times, Class Members

21  were pressured to sell more insurance, meet certain quotas, and attend work meetings. Defendant

22  also instructed Class Members what sectors to sell insurance to and would reprimand them and

23  threated to not pay them their commissions if they sold insurance to those clients outside of those

24  companies they were permitted to sell insurance to.  Class Members do not perform work that is

25  outside the usual course of Defendant's business.

26              ***Defendant's Failure to Pay Earned Wages and Minimum Wages***

27          8.      At relevant times, Defendant illegally required Class Members to work during

28  periods when their hours were not being recorded, also known as "off-the-clock" work. During

3

COMPLAINT

1  these periods, Class Members were not paid at least minimum wages. Specifically, Class

2  Members regularly worked overtime and double time throughout the course of their employment.

3  In addition, Defendant required Class Members to attend various company meetings. However,

4  Defendant only paid Class Members a commission on their total sales.

5       9.     In addition, Defendant failed to pay Class Members overtime compensation, as

6  explained below. During these periods, Class Members were not paid at least minimum wages.

7                    ***Defendant's Failure to Pay Overtime Compensation***

8       10.    At relevant times, Defendant failed to pay Class Members one and a half times

9  their regular rate for work performed over 40 hours in a workweek, over 8 hours in a workday, or

10  up to 8 hours on the seventh consecutive day of work.

11      11.    In addition, at relevant times, Defendant failed to pay Class Members two times

12  their regular rate for work performed over 12 hours in a workday or over 8 hours on the seventh

13  consecutive day of work.

14      12.    At least some of the unpaid hours worked by Class Members constituted overtime,

15  for which they were not compensated.

16                 ***Defendant's Failure to Provide Meal and Rest Breaks***

17      13.    At relevant times, Defendant did not provide Class Members with timely, duty-

18  free, and uninterrupted meal periods of at least 30 minutes for each five hours of work, and failed

19  to pay premium wages of one hour's pay in lieu of providing such meal periods. On days when

20  they worked over ten hours, Class Members did not receive a second compliant meal break.

21      14.    At relevant times, Defendant did not authorize and permit Class Members to take

22  timely, duty-free, and uninterrupted rest periods of at least 10 minutes net for each four hours of

23  work or major fraction thereof, and failed to pay premium wages of one hour's pay in lieu of

24  providing such rest periods.

25      15.    Defendant failed to provide Class Members with a compensation plan that

26  separately accounted and paid for their rest periods. Defendant only paid Class Members a

27  commission on their total sales

28      16.    Defendant failed to maintain a compliant meal and rest break policy and failed to

4

create conditions that relieved Class Members of all of their duty. Defendant undermined Class Members' break rights by discouraging and impeding them from taking breaks, pressuring them to perform their duties in ways that omit breaks, and encouraging them to skip their breaks.

17.    Moreover,  Class Members were regularly working on their own and did not have anyone to relieve them for their breaks.

18.    Defendant's failure to provide Class Members with legally required meal and rest breaks is evidenced by Defendant's business records, which contain inadequate record of these breaks.

### *Defendant's Failure to Provide Timely and Accurate Wage Statements*

19.     Defendant knowingly and intentionally failed to provide Class Members with timely and accurate wage and hour statements. Class Members did not receive paystubs stating their true hours worked, nor was a system maintained by Defendant to properly account for their true hours worked.

20.    Defendant knowingly failed to provide Plaintiff and Class Members with timely and accurate wage statements that included all of the following: (1) gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages earned, (5) the pay period, (6) the employee name and social security number or employee number, (7) the name and address of the legal entity employer, and (8) all applicable hourly rates in effect and corresponding hours worked at each rate.

### *Defendant's Failure to Timely Provide Earned Wages Upon Separation*

21.    Defendant willfully failed to pay Class Members earned wages immediately upon discharge or within 72 hours of resignation.

### **CLASS ACTION ALLEGATIONS**

#### The Class

22.    Plaintiffs brings this class action individually and on behalf of all other similarly situated individuals ("Class Members") belonging to one or more of the following subclasses:

- **Unlawful Misclassification Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the

initial complaint in this action to the date of judgment, were misclassified as independent contractors.

- **Unpaid Wages Subclass:** Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were subject to unpaid wages, including minimum wages and overtime compensation, for the time these employees spent performing off-the-clock work.

- **Unlawful First Meal Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not paid a meal break premium for each day in which they worked more than 5 hours but did not receive a timely, duty-free, and uninterrupted meal period of at least 30 minutes within the first 5 hours of work.

- **Unlawful Second Meal Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not paid a meal break premium for each day in which they worked more than 10 hours but did not receive a timely, duty-free, and uninterrupted meal period of at least 30 minutes after 5 hours of work but on or before 10 hours of work.

- **Unlawful First and Second Rest Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not paid a rest break premium for each day in which they did not receive a paid first rest break of at least 10 minutes after 3.5 hours of work but on or before 6 hours of work or a paid second rest break of at least 10 minutes after 6 hours of work but on or before 10 hours of work.

- **Unlawful Third Rest Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the

6

filing of the initial complaint in this action to the date of judgment, were not paid a rest break premium for each day in which they did not receive a paid rest break of at least 10 minutes after 10 hours of work but on or before 14 hours of work.

- **Waiting Time Subclass**: Defendant's current and former California insurance salespersons who, at any time from three years preceding the filing of the initial complaint in this action to the date of judgment, were not paid all wages owed immediately upon discharge or within 72 hours of resignation.

- **Wage Statement Subclass**: Defendant's current and former California insurance salespersons who, at any time from one year preceding the filing of the initial complaint in this action to the date of judgment, did not receive timely and accurate wage statements in accordance with California Labor Code section 226.

- **Indemnification and Reimbursement Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not indemnified or reimbursed for business expenditures and losses.

23.     Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

<u>Numerosity</u>

24.     The Class Members are sufficiently numerous that joinder of each Class Member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.

25.     Accounting for employee turnover during the relevant time period necessarily increases this number. Defendant's employment records will provide information as to the number and location of all Class Members.

<u>Typicality</u>

26.     Plaintiff's claims are typical of the claims of other Class Members. Plaintiff and other Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law,

7

1 | and statutes as alleged herein.

2 | <u>Commonality</u>

3 |       27.     There is a well-defined community of interest in the questions of law and fact

4 | involving all Class Members in that Defendant treated Class Members uniformly. Common

5 | questions of law and fact predominate over questions that affect only individual Class Members.

6 | <u>Superiority</u>

7 |       28.     A class action is superior to other available means for the fair and efficient

8 | adjudication of this controversy. Because individual joinder of all Class Members is impractical,

9 | class action treatment will permit a large number of similarly situated persons to prosecute their

10 | common claims in a single forum simultaneously, efficiently, and without the unnecessary

11 | duplication of effort and expense that numerous individual actions would engender. The expenses

12 | and burdens of individual litigation would make it difficult or impossible for individual Class

13 | Members to redress the wrongs done to them, while important public interests will be served by

14 | addressing the matter as a class action. The cost to and burden on the court system of

15 | adjudication of individualized litigation would be substantial, and substantially more than the

16 | costs and burdens of a class action. Individualized litigation would also present the potential for

17 | inconsistent or contradictory judgments.

18 | <u>Adequacy</u>

19 |       29.     Plaintiff and her counsel will fairly and adequately protect the interests of other

20 | Class Members. Plaintiff has no interests that are adverse to the interests of other Class Members.

21 | **FIRST CAUSE OF ACTION**

22 | **Failure to Pay State Minimum Wage**

23 | **(Cal. Labor Code Sections 1194, 1194.2, 1197, and 1198; IWC Wage Order No. 4-2001;**

24 | **IWC Minimum Wage Order No. MW-2017, MW-2019, and MW-2021)**

25 | (By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1

26 | Through 100)

27 |       30.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding

28 | paragraphs as if fully set forth herein.

COMPLAINT

31.    Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

32.    Industrial Welfare Commission Wage Order No. 4-2001, section 4, provides in pertinent part the following:

> 4. MINIMUM WAGES
> (A) Every employer shall pay to each employee wages not less than the following:
> (1) Any employer who employs 26 or more employees shall pay to each employee wages not less than the following:
> (a) Ten dollar and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017;
> (b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2018….

33.    California Labor Code section 1194 provides in pertinent part the following:

> 1194.   (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

34.    California Labor Code section 1194.2 provides in pertinent part the following:

> 1194.2. (a) In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

35.    California Labor Code section 1197 provides in pertinent part the following:

> 1197. The minimum wage for employees fixed by the commission or any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

36.    California Minimum Wage Order MW-2017 states that, for employers with 26 or more employees, for labor performed from January 1, 2018 to December 31, 2018, the minimum

9

1   wage is $11.00 per hour. For employers with 25 or fewer employees, for labor performed from

2   January 1, 2018 to December 31, 2018, the minimum wage is $10.50 per hour.

3        37.    California Minimum Wage Order MW-2019 states that, for employers with 26 or

4   more employees, for labor performed from January 1, 2019 to December 31, 2019, the minimum

5   wage is $12.00 per hour; for labor performed from January 1, 2020 to December 31, 2020, the

6   minimum wage is $13.00 per hour. For employers with 25 or fewer employees, for labor

7   performed from January 1, 2019 to December 31, 2019, the minimum wage is $11.00 per hour;

8   for labor performed from January 1, 2020 to December 31, 2020, the minimum wage is $12.00

9   per hour.

10       38.    California Minimum Wage Order MW-2021 states that, for employers with 26 or

11  more employees, for labor performed from January 1, 2021 to December 31, 2021, the minimum

12  wage is $14.00 per hour; for labor performed from January 1, 2022 to December 31, 2023, the

13  minimum wage is $15.00 per hour. For employers with 25 or fewer employees, for labor

14  performed from January 1, 2021 to December 31, 2021, the minimum wage is $13.00 per hour;

15  for labor performed from January 1, 2022 to December 31, 2022, the minimum wage is $14.00

16  per hour.

17       39.    At relevant times herein, Defendant intentionally failed to pay Plaintiff and Class

18  Members minimum wages required by state law.

19       40.    Plaintiff and Class Members are entitled to recover their earned wages at the

20  minimum wage rate, interest thereon, and reasonable attorney fees and costs. Pursuant to Labor

21  Code section 1194.2, Plaintiff and Class Members are also entitled to recover liquidated damages

22  in an amount equal to the wages unlawfully unpaid and interest thereon.

23       41.    As a direct and proximate result of the aforementioned acts and omissions,

24  Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of

25  this Court, plus interest thereon at the maximum legal rate.

26                          **SECOND CAUSE OF ACTION**

27                      **Failure to Pay Overtime Compensation**

28       **(California Labor Code Sections 510, 1194, and 1198; IWC Wage Order No. 4-2001)**

COMPLAINT

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

42.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

43.     Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

44.     Industrial Welfare Commission Wage Order No. 4-2001, section 3, provides in pertinent part the following:

> 3. HOURS AND DAYS OF WORK
> (A) Daily Overtime - General Provisions
> (1) … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
> (a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

45.     California Labor Code section 510 provides in pertinent part the following:

> 510.  (a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee….

46.     California Labor Code section 1194 provides in pertinent part the following:

11

COMPLAINT

1194. (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

47.     At relevant times herein, Defendant failed to pay Plaintiff and Class Members overtime compensation in accordance with California law.

48.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## THIRD CAUSE OF ACTION

### Failure to Pay Meal Period Compensation

**(California Labor Code Sections 226.7, 512, and 1198; IWC Wage Order No. 4-2001)**

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

49.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

50.     Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

51.     Industrial Welfare Commission Wage Order No. 4-2001, section 11, provides in pertinent part the following:

11. MEAL PERIODS
(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes….
(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

52.     California Labor Code section 512 provides in pertinent part the following:

12

COMPLAINT

512.  (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.    California Labor Code section 226.7 provides in pertinent part the following:

226.7….(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

54.    At relevant times herein, Defendant caused Plaintiff and Class Members to work for periods of more than five hours without a meal period of at least 30 minutes.

55.    Plaintiff and Class Members were not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated meal period required by the Labor Code.

56.    As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

**FOURTH CAUSE OF ACTION**

**Failure to Pay Rest Period Compensation**

**(California Labor Code Sections 226.7 and 1198; IWC Wage Order 4-2001)**

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

57.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

58.    Labor Code section 1198 makes it unlawful for an employer to employ an

13

employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

59.   California Labor Code section 226.7 provides in pertinent part the following:

> 226.7….(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

60.   Industrial Welfare Commission Wage Order No. 4-2001, section 12, provides in pertinent part the following:

> 12. REST PERIODS
> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

61.   At relevant times herein, Defendant caused Plaintiff and Class Members to work for periods of more than four hours or major fraction thereof without rest periods of at least 10 minutes.

62.   Plaintiff and Class Members were not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated rest period required by the Labor Code.

63.   As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## **FIFTH CAUSE OF ACTION**

14

**Failure to Furnish Timely and Accurate Wage Statements**

**(California Labor Code Sections 226 and 1198; IWC Wage Order No. 4-2001)**

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

64.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

65.     Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

66.     California Labor Code section 226 provides in pertinent part the following:

> 226. (a) Every employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer… and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee….
>      (e)     (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

67.     Industrial Welfare Commission Wage Order No. 4-2001, section 7, provides in pertinent part the following:

> 7. RECORDS
> …
> (B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all

15

deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item….

68.     At relevant times herein, Defendant knowingly and intentionally failed to furnish Plaintiff and Class Members with timely and compliant wage statements.

69.     Pursuant to Labor Code section 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or a statutory penalty equal to $50 for the initial pay period in which the wage statement violation occurred and $100 for each violation in a subsequent pay period, up to a total of $4,000.

70.     Defendant's conduct also entitles Plaintiff and Class Members to seek preliminary and permanent injunctive relief, including, but not limited to, an order that Defendant issue wage and hour statements to its workers that comply with Labor Code section 226.

71.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

### (California Labor Code Sections 201, 202, and 203)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

72.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

73.     California Labor Code sections 201 through 203 provide in pertinent part the following:

201.     (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately….

202.     (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless

16

the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting…

203.   (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days….

74.    At relevant times herein, Defendant willfully failed to pay Plaintiff and Class Members who have separated from Defendant earned wages immediately upon discharge or within 72 hours of resignation.

75.    Pursuant to Labor Code section 203(a), Plaintiff and separated Class Members are entitled to a statutory penalty based on Plaintiff and separated Class Members' daily wage rate starting from Plaintiff and separated Class Members employment end date until 30 days from Plaintiff and separated Class Members' employment end date.

76.    As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and separated Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## SEVENTH CAUSE OF ACTION

### Failure to Indemnify for All Necessary Expenditures and Losses

### (California Labor Code Section 2802)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

77.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

78.    California Labor Code section 2802 provides in pertinent part the following:

2802.   (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.
…

17

COMPLAINT

79.     At relevant times herein, Defendant failed to indemnify Plaintiff and Class Members for all necessary expenditures and losses incurred in direct consequence of the discharge of Plaintiff and Class Members' duties or of Plaintiff and Class Members' obedience to Defendant's directions.

80.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## EIGHTH CAUSE OF ACTION

### Unfair Competition

### (California Business & Professions Code Section 17200, et seq.)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

81.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

82.     Defendant's above violations constitute unfair business practices in violation of the UCL.

83.     Plaintiff and Class Members have suffered injury in fact and have lost money or property as a result of Defendant's unfair business practices, and Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff and Class Members.

84.     Plaintiff and Class Members are thus entitled to declaratory and equitable relief, including, but not limited to, restitution of all amounts owing to Plaintiff and Class Members.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages, in an amount according to proof.

2.     For all statutory and civil penalties authorized by law.

3.     For liquidated damages authorized by law.

18

4.      For restitution of all wrongfully withheld amounts and disgorgement of all ill-gotten profits, in an amount according to proof.

5.      For preliminary and permanent injunctive relief requiring Defendants to cease and desist from further unfair competition and to bring Defendants in compliance with the aforementioned laws.

6.      For attorney fees and costs pursuant to all applicable provisions of law.

7.      For costs of suit incurred herein.

8.      For prejudgment interest.

9.      For such other relief as the court may deem proper.


Dated: July 28, 2022                                    TOJARIEH LAW FIRM, PC


                                              By:  _____.

                                                    JOSEPH TOJARIEH
                                                    Attorney for Plaintiff
                                                    SOCORRO OLIVIA ALVITRE




**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.


Dated: July 28, 2022                                    TOJARIEH LAW FIRM, PC


                                              By:  _____.

                                                    JOSEPH TOJARIEH
                                                    Attorney for Plaintiff
                                                    SOCORRO OLIVIA ALVITRE


19

COMPLAINT

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 09/01/2022 04:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Rowe,Deputy Clerk

Robert D. Vogel (SBN 63091)
*Robert.Vogel@jacksonlewis.com*
Danielle C. Cepeda (SBN 327502)
*Danielle.Cepeda@jacksonlewis.com*
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:     (213) 689-0404
Facsimile:     (213) 689-0430

Attorneys for Defendant
COLONIAL LIFE & ACCIDENT INSURANCE CO.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SOCORRO OLIVIA ALVITRE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:  **22STCV24601**<br><br>[Assigned for all purposes to Hon. Lawrence P. Riff, Dept. 7]<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  July 29, 2022 |

Defendant Colonial Life & Accident Insurance Co. ("Defendant") on behalf of itself and for no other defendant, hereby responds to the Class Action Complaint for Damages ("Complaint") filed by Plaintiff SOCORRO OLIVIA ALVITRE ("Plaintiff") and admits, denies and otherwise pleads as follows:

## GENERAL DENIAL

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff or the putative class have suffered any injury or been damaged in any sum whatsoever.

/ / /

1

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES

## **AFFIRMATIVE DEFENSES**

Defendant hereby states the following defenses to the Complaint but does not assume the burden of proof on any such defense except as required by applicable law.  The Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain all affirmative defenses that may exist.  As such, Defendant will rely on any and all additional defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.  Nevertheless, as separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant asserts as follows:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action)**

1.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

2.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 338(a), 339, 340, California Business Professions Code section 17208, and California Labor Code sections 203(b) and 2698 *et seq*.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Not Employer)**

3.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein is barred on the grounds that Defendant was not Plaintiff's nor the alleged putative class' employer, and Defendant was never a party to any employment relationship with Plaintiff or the alleged putative class and never controlled their wages hours or working conditions.  Defendant lacks knowledge and information related to the allegations set forth n the Complaint as the same were not communicated to it.

/ / /

/ / /

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES

### FOURTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

4.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

### (Claims Subject to Release)

6.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent Plaintiff or the alleged putative class members previously released the claims asserted in this lawsuit and/or have previously pursued a claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement of the United States Department of Labor.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

7.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, are barred to the extent Plaintiff and the alleged putative class Plaintiff purports to represent failed to exhaust their mandatory administrative remedies and/or failed to take steps required by the California Labor Code before filing this action.

### EIGHTH AFFIRMATIVE DEFENSE

### (Set-Off for Unearned Compensation)

8.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class'

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES

employer, and without admitting the allegations of Plaintiff's Complaint, but rather expressly denying them, Defendant is entitled to set-off for amounts Plaintiff and the alleged putative class owe Defendant for receipt of compensation and other benefits to which they were not entitled or did not earn. *See Witt v. Jackson* (1961) 57 Cal.2d 57.

## NINTH AFFIRMATIVE DEFENSE

### (No Liability with Respect to Meal and Rest Periods)

9.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint with respect to allegations of failure to provide meal or rest periods is barred because Defendant complied with all applicable provisions of the Labor Code, and the Wage Orders of the Industrial Welfare Commission.

## TENTH AFFIRMATIVE DEFENSE

### (No Denial of Meal and Rest Periods)

10.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint with respect to allegations of failure to provide meal and rest periods is barred because Plaintiff and the alleged putative class were informed of their rights to take all meal and rest breaks to which they were entitled, were permitted to take all meal and rest breaks to which they were entitled, and have never been denied the right or opportunity to take such meal or rest breaks.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Voluntary Waiver of Meal and Rest Periods)

11.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint with respect to allegations of failure to provide meal and rest periods is barred to the extent Defendant afforded Plaintiff and the alleged putative class, during the applicable limitations periods, the opportunity to take required meal and rest breaks in compliance with California law, and they voluntarily waived their right to take such meal and rest breaks.

## TWELFTH AFFIRMATIVE DEFENSE

### (Maximum Recovery Under Labor Code § 226.7)

12.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class'

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES

employer, Plaintiff and the alleged putative class are limited to a penalty of one hour's pay per workday under Labor Code § 226.7 regardless of the number of meal and rest breaks allegedly not received on that day.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Record All Hours Worked)

13.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint and each purported cause of action alleged therein is barred because Plaintiff and the alleged putative class failed to work or record all time worked as reasonably expected or required.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Reasonable Directions)

14.     Defendant is informed and believes, and thereon alleges, that in the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 to the extent Plaintiff and the alleged putative class failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (All Due Compensation Paid)

15.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff and the alleged putative class have been paid all income, compensation, and pay to which they have been entitled to under California Labor Code and the applicable orders of the Industrial Welfare Commission.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (All Overtime Wages Properly Paid)

16.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

5

barred because based on overtime wages paid, Plaintiff and the alleged putative class are not entitled to any wages or other compensation or penalties under the Labor Code, the applicable Wage Orders of the Industrial Welfare Commission and/or any other law.  Plaintiff's and the alleged putative class' pay were in compliance with all applicable overtime requirements of all applicable regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Payment, at All Relevant Times, of at Least Minimum Wage)

17.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff and the alleged putative class were not paid a wage less than the minimum wage fixed by any applicable Wage Orders of the Industrial Welfare Commission.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Willful Conduct / Good Faith Dispute)

18.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, and without admitting the allegations of Plaintiff's Complaint, but rather expressly denying them, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because any violation of the California Labor Code was an act or omission in good faith, was not willful, and Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Wage Statements – No Injury)

19.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, and without admitting the allegations of Plaintiff's Complaint, but rather expressly denying them, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, even assuming *arguendo* that Plaintiff and the alleged putative class were not provided with a proper itemized wage statement of wages and deductions, they suffered no injury based on Defendant's alleged failure to provide itemized wage statements.

/ / /

/ / /

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Wage Statements – No Knowing and Intentional Failure)**

20.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, and without admitting the allegations of Plaintiff's Complaint, but rather expressly denying them, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because even assuming *arguendo* that Plaintiff and the alleged putative class were not provided with a proper itemized statement of wages and deductions, they are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not "knowing and intentional failure" under California Labor Code section 226.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(*De Minimis* Hours Worked)**

21.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent the *de minimis* doctrine applies to Plaintiff's claims.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Right to Reimbursement)**

22.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, Plaintiff's claims for alleged failure to reimburse business expenses is barred because Plaintiff and the alleged putative class did not incur "expenditure and losses" as defined under California Labor Code section 2802(c), and any award of such expenditures or losses would unjustly enrich Plaintiff and the alleged putative class.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Expenses Not Necessary or Reasonable)**

23.     In the event it is determined that Defendant was Plaintiff's or the alleged putative class' employer, Plaintiff's claims for alleged failure to reimburse business expenses is barred to the extent that Plaintiff and the alleged putative class seek reimbursement of expenses that were neither necessary nor reasonable in the fulfillment of job duties.  Defendant also did not require Plaintiff and the alleged putative class to incur any expenses.

7

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

**(No Unfair or Unlawful Business Practice)**

3    24.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class'

4  employer, Plaintiff and the alleged putative class are not entitled to any equitable or injunctive relief as

5  prayed for in the Complaint because Plaintiff and the alleged putative class have suffered no irreparable

6  injury based on any alleged conduct of Defendant, and Plaintiff and the alleged putative class have an

7  adequate remedy at law for any such alleged conduct.

8

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9

**(Avoidable Consequences)**

10    25.    In the event it is determined that Defendant was Plaintiff's or the alleged putative class'

11  employer, any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is

12  barred to the extent Plaintiff and the alleged putative class could have corrected any errors in their

13  compensation by reporting them so that Defendant could correct them promptly.

14

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

15

**(Class Action—Standing)**

16    26.    In the event it is determined that Defendant was Plaintiff's and the alleged putative class'

17  employer, Defendant alleges that Plaintiff lacks standing to assert the legal rights or interests of others.

18

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

19

**(Class Action—Lack of Predominance)**

20    27.    In the event it is determined that Defendant was Plaintiff's and the alleged putative class'

21  employer, Defendant alleges that the types of claims alleged by Plaintiff on behalf of himself and the

22  alleged putative class he purports to represent are matters in which individual questions dominate and thus

23  are not appropriate for class treatment.

24

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

25

**(Class Action—Lack of Numerosity)**

26    28.    In the event it is determined that Defendant was Plaintiff's and the alleged putative class'

27  employer, Defendant alleges that the alleged putative group that Plaintiff purports to represent is not so

28  numerous that joinder is impossible.

8

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Class Action—Lack of Commonality)

29.     In the event it is determined that Defendant was Plaintiff's and the alleged putative class' employer, Defendant alleges that Plaintiff is not similarly situated with other potential members of the alleged putative class he purports to represent and thus is an inadequate representative of the alleged putative group.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Class Action—Lack of Typicality)

30.     In the event it is determined that Defendant was Plaintiff's and the alleged putative class' employer, Defendant alleges that certain interests of the alleged putative class are in conflict with interests of all or certain subgroups of the members of the putative group.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Class Action—Lack of Manageability)

31.     In the event it is determined that Defendant was Plaintiff's and the alleged putative class' employer, Defendant alleges that the Complaint, and each purported cause of action alleged therein, cannot proceed as a purported class action because of difficulties likely to be encountered that render the action unmanageable.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Class Action—No Damages)

32.     In the event it is determined that Defendant was Plaintiff's and the alleged putative class' employer, Defendant alleges that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Attorneys' Fees and Costs)

33.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys'

9

fees and costs pursuant to California Code of Civil Procedure section 1021.5 upon judgment in its favor.

**RESERVATION OF RIGHTS**

Defendant has not completed its investigation of the facts of this case has not yet commenced in this matter nor completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.

**DEFENDANT'S REQUEST FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by way of the Complaint;

2.      That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendant and against Plaintiff on all claims;

3.      That Defendant be awarded reasonable attorney's fees pursuant to statute and/or contract;

4.      That Defendant be awarded its costs of suit herein; and

5.      That the Court award Defendant such other and further relief as the Court may deem just and proper.


Dated: September 1, 2022                    JACKSON LEWIS P.C.


                                            By _____
                                               Robert D. Vogel
                                               Danielle C. Cepeda

                                               Attorneys for Defendant
                                               COLONIAL LIFE & ACCIDENT
                                               INSURANCE CO.

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**    **SOCORRO OLIVIA ALVITRE v. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY**

**CASE NUMBER:    22STCV24601**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On **September 1, 2022,** I served the foregoing document described as:  **DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF SOCORRO OLIVIA ALVITRE'S CLASS ACTION COMPLAINT FOR DAMAGES** in this action by placing ☐the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Joseph Tojarieh, Esq.                    Attorneys for Plaintiff
STONEBROOK LAW                          Socorro Olivia Alvitre
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Tel: (310) 553-5533 - Fax: (310) 553-5536
Email: *jft@stonebrooklaw.com*

Jasmine Duel, Esq.
DUEL LAW FIRM
270 North Canon Drive, Third Floor
Beverly Hills, California 90210
Tel: (310) 975-7095 - Fax: (310) 846-8549
Email*: jasmine@duellawfirdi.com*

**[X]    BY UNITED STATES MAIL**   I enclosed the documents in a sealed envelope or package addressed to the persons listed. I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope with postage fully prepaid.

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court or government order (imposed by the COVID-19 pandemic) or on an agreement by the parties to accept service by e-mail or electronic transmission, caused the document(s) described above to be sent from e-mail address Irene.Miranda@Jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 1, 2022** at Los Angeles, California.

*Irene Miranda*
Irene Miranda

4879-3518-8785, v. 1