Robert D. Vogel (SBN 63091)
robert.vogel@jacksonlewis.com
Danielle C. Cepeda (SBN 327502)
danielle.cepeda@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
COLONIAL LIFE & ACCIDENT INSURANCE CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO OLIVIA ALVITRE, individually, and on behalf of other similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>COLONIAL LIFE & ACCIDENT INSURANCE CO., and DOES 1 to 20, inclusive,<br><br>    Defendants. | CASE NO.: 2:22-cv-06289<br><br>**DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S AMENDED NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO §§ 1332, 1441, and 1446** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF SOCORRO OLIVIA ALVITRE AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant COLONIAL LIFE & ACCIDENT INSURANCE CO. ("Defendant") hereby invokes the Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 and amends its removal of the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles ("Los Angeles Superior Court") based on diversity jurisdiction.

In support thereof, Defendant avers the following:

1

## I. SERVICE AND PLEADINGS FILED IN STATE COURT

1. On July 29, 2022, Plaintiff SOCORRO OLIVIA ALVITRE ("Plaintiff") filed suit against Defendant in the Superior Court of the State of California for the County of Los Angeles entitled *Socorro Olivia Alvitre, individually and on behalf of others similarly situated vs. Colonial Life & Accident Insurance Co.*, Case No. 22STCV24601 ("Class Action Complaint"). A copy of the Class Action Complaint and other related court documents received by Defendant are attached as **Exhibits A and B** to the Declaration of Robert D. Vogel concurrently filed with Defendant's initial Notice of Removal. (Declaration of Robert D. Vogel ("Vogel Decl."), ¶ 2.)

2. In the Class Action Complaint, Plaintiff asserts the following causes of action: (1) failure to pay state minimum wage; (2) failure to pay overtime compensation; (3) failure to pay meal period compensation; (4) failure to pay rest period compensation; (5) failure to furnish timely and accurate wage statements; (6) waiting time penalties; (7) failure to indemnify for all necessary expenditures and losses; and (8) unfair competition. (*See generally* Vogel Decl., Ex. A.)

3. Plaintiff purports to bring this action on behalf of a putative class consisting of "all persons currently and formerly employed by Defendant in California as insurance salespersons or in other non-exempt positions with similar job titles, descriptions, and/or duties" within four years prior to the filing of the Class Action Complaint. (*Id.* at Ex. A, 2:7-10.)

4. In the Class Action Complaint, Plaintiff seeks to recover unpaid wages at the minimum wage rate, unpaid meal and rest premiums, inaccurate wage statement penalties, waiting time penalties, unpaid business expenses, interest, attorneys' fees, and costs on behalf of herself and all putative class members. (*Id.* at Ex. A, 18:25-19:9.)

5. Plaintiff alleges that she is a resident of the State of California. (*Id.* at Ex. A, 2:13-14.)

6. Defendant is incorporated under the laws of the State of South Carolina and its principal place of business and corporate offices are located in the State of South Carolina. (Declaration of J. Paul Jullienne, ("Jullienne Decl.") ¶ 4 & 8)

7. Defendant has reviewed its records which identify the California-domiciled independent contractors[1] who have entered into service agreements with Defendant to sell various types of insurance offered by Defendant. (Declaration of Justin Brown ("Brown Decl.") ¶ 3.)

8. Those records reflect that since July 29, 2018 to and through August 18, 2022, 1,311 California-domiciled independent contractors have entered into contracts with Defendant to sell various types of insurance offered by Defendant in California. (*Id.* at ¶ 4 and 7.)

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

This case is removeable under CAFA which grants district courts subject matter jurisdiction over any civil action: (1) which is a "class action," (2) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs, (3) involves a proposed class of at least 100 members, and (4) where "any member of a class of Plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). "[N]o anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Rather, "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

As set forth below, Defendant has met its burden of alleging herein all of the elements required to establish subject matter jurisdiction under CAFA.

---

[1] Although Defendant contends sale representatives who sell various types of insurance offered by Defendant are properly classified as independent contractors for purposes of the Class Action Fairness Act of 2005 ("CAFA") removal, the Court and the parties must assume that Plaintiff will prevail on the merits of their individual and class-wide claims. *Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 U.S. Dist. LEXIS 85021, at *16 (S.D. Cal. May 21, 2018) (citing *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275 (N.D. Cal. Jan. 2, 2014).

### A. There is Minimal Diversity

In order to meet the "minimum diversity" required by CAFA, any member of the class must be a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2). Defendant is incorporated under the laws of the State of South Carolina and its principal place of business is located in the State of South Carolina. (Jullienne Decl., ¶¶ 4, 8.) Accordingly, Defendant is not a citizen of the State of California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Plaintiff, on the other hand, alleges that she is a resident of the State of California. (Vogel Decl. at Ex. A, 2:13-14.) Accordingly, the "minimal diversity" required under CAFA is established in this case since Defendant is a citizen of a different state than at least one Plaintiff.

### B. The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332 (d)(6).

Where a plaintiff does not expressly plead a specific amount in damages, as is the case here, a defendant seeking to remove under CAFA need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional] amount" of Five Million Dollars ($5,000,000). *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of [alleged] violations." *Oda, et al. v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *12 (C.D. Cal. Jan. 7, 2015). Nor is a removing defendant required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359, at *2 (C.D. Cal. Apr. 28, 2015) (citation omitted).

4

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S AMENDED NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO §§ 1332, 1441, and 1446

Accepting Plaintiff's allegations as true for purposes of removal, there are multiple ways Defendant could exceed the Five Million Dollars ($5,000,000) threshold. Plaintiff seeks to recover unpaid wages at the minimum wage rate, unpaid meal and rest premiums, inaccurate wage statement penalties, waiting time penalties, unpaid business expenses, interest, attorneys' fees, and costs on behalf of herself and an unstated number of putative class members. (Vogel Decl. at Ex. A, 18:25-19:9.) ¶ 7.

From July 29, 2018 to and through August 18, 2022, Defendant utilized **1,311 California-domiciled independent contractors** to sell various types of insurance offered by Defendant in California during which there was an estimated **125,707.96 work weeks** and there were **21,691.30** pay periods for all such individuals from July 29, 2021 to and through August 18, 2022. (Brown Decl. at ¶ ¶ 4,7 and 9-10.) Based on this estimation, the seven (7) substantive violations Plaintiff alleges in her Complaint significantly exceeds $5 million in controversy.

For purposes of removal, Defendant has accepted Plaintiff's allegations as true even though they are denied. Therefore, presuming solely for purposes of this removal petition that Defendant's independent contractors should have been classified as employees, the amount in controversy with respect to Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action total is at least **$7,806,714.95**, as reflected in the below chart.

| Cause of Action | Calculations | Total |
|---|---|---|
| First (failure to pay state minimum wage) | **62,858.34** [work weeks] x ($20/hour x **.50** [assuming 30 minutes of straight time worked off-the-clock per work week]) | $628,583.40 |
| Second (failure to pay overtime) | **62,858.34** [work weeks] x ($20/hour x **1.5** times [assuming 30 minutes of overtime per work week was worked off-the-clock]) | $942,875.10 |

| | | |
|---|---|---|
| Third (failure to pay meal period compensation) | (62,858.34 [work weeks] x **1** violation per work week) x **$20**/hour | $1,257,166.80 |
| Fourth (failure to pay rest period compensation) | (62,858.34 [work weeks] x **1** violation per work week) x **$20**/hour | $1,257,166.80 |
| Fifth (failure to furnish timely and accurate wage statements) | **$50** [first pay period penalty] x 1,311 [independent contractors] + **$100** [subsequent pay period penalty] x 1,311 [independent contractors] = a maximum penalty of | $1,034,117.00 |
| Sixth (waiting time penalties) | (**$20**/per hour x **8** hours) x (**30** calendar days) x **525** [independent contractors that had an end date of employment more than 30 days prior to August 15, 2022] and two that had 25 separation dates | $2,529,600.00 |
| Seventh (failure to indemnify necessary business expenses) | 62,858.34 [work weeks] x **$2.50** [weekly unreimbursed expenses] | $157,145.85 |
| | **TOTAL:** | **$7,806,714.95** |

Plaintiff also seeks to recover attorney's fees on behalf of herself and the putative class members. (Vogel Decl. at Ex. A, 19:6.) Courts may consider attorney's fees when evaluating the potential amount in controversy for purposes of CAFA jurisdiction. *See Guglielmino*, 506 F.3d at 700 (*citing Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 946 F. Supp. 2d

6

982, 988 (N.D. Cal. 2013) (citing *Lowdermilk v. U.S. Bank N.A.*, 479 F.3d 994, 1000 (9th Cir. 2007)).

For purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorneys' fees, and courts may include that fee in the CAFA amount in controversy. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *In re Adding Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Defendants have plausibly demonstrated by a preponderance of the evidence that the amount in controversy conservatively exceeds $5 million, but the inclusion of attorneys' fees with respect to the calculation of $7,806,714.95 detailed above would add another $1,951,678.74 to the amount in controversy, bringing the total number to more than $9,758,393.69.[2]

Thus, Defendant has demonstrated that CAFA's "amount in controversy" element is satisfied. *Ibarra*, 775 F.3d at 1197 ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." (quoting *Dart*, 135 S. Ct. 547).

Defendant reserves the right to present evidence establishing the amount placed in controversy for each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is met. *See Dart Cherokee*, 135 S. Ct. at 554 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold].").

### C. The Proposed Class is Greater Than 100 Members

As noted above, Defendant's records reflect that from July 29, 2018 to and through August 18, 2022, Defendant utilized 1,311 California-domiciled independent contractors who entered into contracts with Defendant to sell various types of insurance offered by

---

[2] Defendant does not concede that Plaintiff can ultimately demonstrate an entitlement to recovery of attorneys' fees. Nevertheless, because Plaintiff seeks to recover attorneys' fees as a remedy in this case, Defendant assumes Plaintiff will recover those attorneys' fees and they should be included in calculating the amount in controversy.

Defendant in California. (Brown Decl., ¶ 7.) Accordingly, Defendants have shown that there is a potential class of at least 100 members.

### D. This Matter is a "Class Action"

CAFA defines a "class action" as:

> "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"

28 U.S.C. § 1332(d)(1)(B).

Plaintiff purports to bring this action on behalf of a putative class consisting of "all persons currently and formerly employed by Defendant in California as insurance salespersons or in other non-exempt positions with similar job titles, descriptions, and/or duties." (Vogel Decl. at Ex. A, 2:7-10.) Accordingly, Plaintiff clearly seeks to bring this case as a "class action" within the meaning of CAFA.

## III. TIMELINESS OF REMOVAL

Defendant was served with the Summons and Complaint on August 3, 2022. Accordingly, the initial Notice of Removal was filed within thirty (30) days from when Plaintiff served Defendant with the Summons and Complaint and was timely filed pursuant to 28 U.S.C. § 1446(b).

## IV. CONCLUSION

Defendant has established the necessary jurisdictional elements to assert federal jurisdiction under CAFA. For this reason, this Court has original jurisdiction over Plaintiff's claims by virtue of CAFA and this case should be removed to this Court.

Defendant submits this amended notice of removal without waiving any defenses to the claims asserted by Plaintiff, conceding that Plaintiff has pled claims upon which relief may be granted, that class certification is appropriate or Plaintiff or any class members are entitled to any remedy or relief in this Action.

Upon filing this Amended Notice of Removal, Defendant will provide written notification to Plaintiff and will file a Amended Notice of Filing Notice of Removal with the clerk of the Superior Court of the State of California, Los Angeles County.

WHEREFORE, Defendant respectfully continues to request that this action, now pending in the Superior Court of the State of California, Los Angeles County, be removed to the United States District Court for the Central District of California for all purposes.

Dated: September 7, 2022

JACKSON LEWIS P.C.

By:_____
Robert D. Vogel
Danielle C. Cepeda
Attorneys for Defendant
COLONIAL LIFE & ACCIDENT INSURANCE CO.

4881-3478-2001, v. 1

9

DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S AMENDED NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO §§ 1332, 1441, and 1446