1  Veronica T. Hunter (SBN 259859)
   Veronica.Hunter@jacksonlewis.com
2  Michael R. Minguet (204027)
   Michael.Minguet@jacksonlewis.com
3  Judy Kang (SBN 327137)
   Judy.Kang@jacksonlewis.com
4  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
5  Los Angeles, California 90017-5408
   Telephone:   (213) 689-0404
6  Facsimile:    (213) 689-0430

7  Attorneys for Defendant
   COLONIAL LIFE & ACCIDENT INSURANCE CO.
8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12  SOCORRO OLIVIA ALVITRE,              | Case No. 2:22-cv-06289-DMG-SK

13          Plaintiff(s),                | Assigned for All Purposes to the Honorable
                                         | Judge Dolly M. Gee
14      vs.

15  COLONIAL LIFE AND ACCIDENT           | **JOINT RULE 26(F) REPORT**
16  INSURANCE COMPANY, et al.,

17          Defendant(s).                | Rule 26 Scheduling Conference
                                         | Date: October 21, 2022
18                                       | Time: 9:30 a.m.

19

20                                       | Complaint Filed:  July 29, 2022
21                                       | Action Removed: September 2, 2022

22          In accordance with the Court's Order issued on September 7, 2022 and pursuant to

23  Federal Rules of Civil Procedure ("FRCP") Rule 26(f), Plaintiff SOCORRO OLIVIA

24  ALVITRE ("Plaintiff") and Defendant COLONIAL LIFE & ACCIDENT INSURANCE

25  CO. ("Defendant")(collectively, the "Parties"), by and through their undersigned counsel,

26  have completed the Rule 26(f) Conference and jointly submit this Report in anticipation of

27  the Scheduling Conference scheduled for October 21, 2022 at 9:30 a.m. before the

28  Honorable Dolly M. Gee.

## 1.  PRINCIPAL CASE ISSUES

On July 29, 2022, Plaintiff filed her putative wage and hour class action complaint ("Complaint") against Defendant in the Superior Court of the State of California for the County of Los Angeles asserting the following causes of action: (1) failure to pay state minimum wage; (2) failure to pay overtime compensation; (3) failure to pay meal period compensation; (4) failure to pay rest period compensation; (5) failure to furnish timely and accurate wage statements; (6) waiting time penalties; (7) failure to indemnify for all necessary expenditures and losses; and (8) unfair competition.  Plaintiff purports to bring these claims on behalf of a putative class consisting of "all persons currently and formerly employed by Defendant in California as insurance salespersons or in other non-exempt positions with similar job titles, descriptions, and/or duties" within four years prior to the filing of the Complaint. Plaintiff's claims are primarily premised on the allegation that Defendant improperly classified Plaintiff and the other members of the putative class as "independent contractors," when they were in fact employees as a matter of law.

On September 2, 2022, Defendant filed its Notice of Removal to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.  More specifically, the Complaint satisfies all the requirements for federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Prior to filing its Notice of Removal, on September 1, 2022, Defendant filed its Answer and affirmative defenses to the Complaint.  Defendant generally denies Plaintiff's allegations of unlawful conduct and Labor Code violations and further denies that this matter is suitable for class certification.  Moreover, Defendant asserts that Plaintiff as well as the alleged putative class members were California-domiciled independent contractors who entered into contracts with Defendant to sell various types of insurance offered by Defendant in California.   In addition, Defendant asserts that Plaintiff executed an enforceable written arbitration agreement and Defendant intends to file its Motion to Compel Arbitration.

///

At this time, the Parties do not believe that the procedures of the current Manual for Complex Litigation should be utilized in this matter.

**2.      AMENDMENT OF PLEADINGS/ADDITIONAL PARTIES**

The Parties do not anticipate adding any parties at this time.

This matter is related to Plaintiff's separately filed Representative Action Complaint for Damages based on Private Attorney General Act (the "PAGA Action") entitled *Socorro Olivia Alvitre v. Colonial Life & Accident Insurance Co., et al*., which is currently pending in the California Superior Court for the County of Los Angeles as case number 22STCV12821.  Plaintiff anticipates agreeing to stay the PAGA Action pending resolution of this action.

**3.      ISSUES TO BE DETERMINED BY MOTION**

**A.      Motion To Compel Arbitration**

Defendant will file a Motion to Compel Arbitration based on a written arbitration agreement executed by Plaintiff.  Plaintiff intends to oppose this motion.  After meeting and conferring, the Parties propose the following briefing schedule for this motion:

-November 11, 2022: Defendant's Opening Brief

-December 9, 2022: Plaintiff's Opposition Brief

-December 23, 2022: Defendant's Reply Brief

-January 13, 2023: Hearing on Motion

Given the Parties' agreement that Defendant's Motion to Compel Arbitration should be adjudicated as a threshold matter, the Parties respectfully request that the Court refrain from setting discovery, class certification, and trial related dates and deadlines until after adjudication of Defendant's motion. The Parties respectfully request that the Court set a further Scheduling Conference to take place in January 2023 in order to set discovery, class certification, and trial related dates and deadlines in the event that Defendant's motion is not granted.

**B.      Other Motions**

After completing written discovery and depositions, Defendant intends to bring a

Motion for Summary Judgment, or in the Alternative, Summary Adjudication that will address Plaintiff's claims.  Defendant also intends to oppose any motion seeking class certification.  Additionally, Defendant intends to move for bifurcation of liability from the issue of damages at trial.

Plaintiff intends to bring a motion for class certification, and believes that the class certification issue should be decided prior to any summary judgment or summary adjudication motions. Under Ninth Circuit law, a defendant is entitled to have a hearing on class certification before any merits-based determinations. *See Wright v. Schock,* 742 F.2d 541, 544 (9th Cir. 1984). This makes practical sense, because a defendant could prevail on the merits of an issue as to one proposed class representative, only to have another file the same case on behalf of the same putative class.  Unless a decision on the merits is postponed until after the class issues are decided, a defendant is subject to one-way intervention, which would allow potential class members to elect whether to join in the action depending upon the outcome of the decision on the merits. Thus, if the merits were decided favorably to the named plaintiff, and notice to the class followed such determination, most class members would join in the action, whereas they may decline if the determination was against the named plaintiff. Accordingly, Plaintiff believes that the class certification issue should be decided first, unless Defendant agrees to waive the protections against one-way intervention.

If the Court certifies Plaintiff's class action claims following the ruling on Plaintiff's anticipated motion for class certification, Plaintiff intends to file a motion for summary judgment and/or partial summary judgment.

**4.  CONSENT TO MAGISTRATE JUDGE**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**5.  DISCOVERY**

**A.  Initial Disclosures**

The Parties have agreed to exchange initial disclosures by November 7, 2022.

**B.      Preservation of Evidence**

The parties have met and conferred pursuant to Fed. R. Civ. P. Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**C.      Discovery Plan**

The Parties have not engaged in formal discovery.  Given Defendant's intent to file its Motion to Compel Arbitration, the Parties believe that setting a specific discovery schedule at this time is premature.  As a result, the Parties propose the following dates:

Initial Disclosures:  November 7, 2022.

Designation of experts:  To be determined.

Discovery cutoff: To be determined.

Further, Defendant asserts that discovery should be conducted in two phases: (1) first, discovery should be limited to class certification issues only; and (2) second, discovery regarding the merits of the claims should be permitted only after class certification.   Moreover, Defendant asserts that a protective order will be necessary to protect the disclosure of confidential, private, trade secret and privileged information. Discovery relating to the identity and contact information of putative class members should be subject to a protective order and follow the procedures set forth in *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007).

Plaintiff Acknowledges that prior to class certification, discovery will be focused on issues that are relevant to class certification, but asserts, as recognized by the United States Supreme Court and California Supreme Court, that there may often be an overlap between certification issues and merits issues, and there therefore may be a need for discovery also related to the merits prior to class certification.  *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351–52; *Brinker v. Superior Court*, 53 Cal.4th 1004, 1023–24 (2012).

**6.      LAW AND MOTION SCHEDULE**

Given Defendant's intent to file its Motion to Compel Arbitration, the Parties believe

that setting a specific law and motion schedule (other than the schedule relating to the Motion to Compel Arbitration) at this time is premature.  As a result, the Parties propose the following dates:

Motion to Compel Arbitration:

-November 11, 2022: Defendant's Opening Brief

-December 9, 2022: Plaintiff's Opposition Brief

-December 23, 2022: Defendant's Reply Brief

-January 13, 2023: Hearing on Motion

Hearing of Motion for Class Certification: To be determined.

Hearing of dispositive motions:  To be determined.

**7.    SETTLEMENT AND ADR**

The Parties have not engaged in settlement discussions to date.  The Parties have discussed ADR in accordance with Local Rule 26-1(c).  Given Defendant's intent to file its Motion to Compel Arbitration, the Parties agree that it is premature to agree to a particular form of ADR until after a ruling on the Motion to Compel Arbitration.

**8.    TRIAL**

Plaintiffs have demanded a jury trial.

Given Defendant's intent to file a Motion to Compel Arbitration, the Parties believe that it is premature to set a trial date and any trial-related dates.

Estimating the number of days trial may take is difficult as this determination depends on whether class certification is granted and, if so, the nature of the class for which certification is granted.  Nonetheless, the Parties estimate the trial length to be 5-10 days.

**9.    OTHER ISSUES AFFECTING STATUS/MANAGEMENT OF CASE**

At this time, the Parties are not aware of issues affecting the status or the management of the case other than the issues already discussed herein.

**10.    SEVERANCE AND BIFURCATION**

Defendant intends to move for bifurcation of liability from the issue of damages at trial.

JOINT RULE 26(F) REPORT

1   Dated: October 7, 2022                          JACKSON LEWIS P.C.

2

3

4                                                   By:   /s/Michael R. Minguet
                                                        Veronica T. Hunter
5                                                       Michael R. Minguet
                                                        Judy Kang
6

7                                                       Attorneys for Defendant
                                                        COLONIAL LIFE & ACCIDENT
8                                                       INSURANCE CO.

9

10

11  Dated: October 7, 2022                          HAINES LAW GROUP, APC

12

13                                                  By:   /s/Fletcher W. Schmidt
14                                                      Fletcher W. Schmidt
                                                        Matthew K. Moen
15

16                                                      Attorneys for Plaintiff
                                                        SOCORRO OLIVIA ALVITRE
17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(F) REPORT