**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
2155 Campus Drive, Ste. 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff
SOCORRO OLIVIA ALVITRE

[*Additional Counsel on Following Page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO OLIVIA ALVITRE: individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:22-cv-06289-DMG-SK<br><br>**First Amended Class Action Complaint for Damages and Injunctive and Declaratory Relief Based On:**<br><br>1.  **Failure to Pay State Minimum Wage (Cal. Lab. Code §§ 510, 1194, 1194.2, 1197, and 1198; IWC Wage Order No. 4-2001; IWC Minimum Wage Order No. MW-2014, MW-2017, MW-2019, and MW-2021)**<br>2.  **Failure to Pay Overtime Compensation (Cal. Lab. Code §§ 510, 1194, and 1198; IWC Wage Order No. 4-2001)**<br>3.  **Failure to Pay Meal Period Compensation (Cal. Lab. Code §§ 226.7, 512, and 1198; IWC Wage Order No. 4-2001)**<br>4.  **Failure to Pay Rest Period Compensation (Cal. Lab. Code §§ 226.7 and 1198; IWC Wage Order 4-2001)**<br>5.  **Failure to Furnish Timely and Accurate Wage** |

1

1    Statements (Cal. Lab. Code
§§ 226 and 1198; IWC Wage
Order No. 4-2001)

2    6.    Waiting Time Penalties (Cal.
Lab. Code §§ 201, 202, and
203)

3    

4    7.    Failure to Indemnify for All
Necessary Expenditures and
Losses (Cal. Lab. Code §
2802)

5    

6    8.    Unfair Competition (Cal. Bus.
& Prof. Code § 17200, et seq.)

7    9.    Civil Penalties Under the
Private Attorneys General
Act (Cal. Lab. Code § 2698, *et
seq.*)

8    

9    

10    **DEMAND FOR JURY TRIAL**

11    

12    JOSEPH TOJARIEH (SBN 265492)
STONEBROOK LAW

13    10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067

14    Tel: (310) 553-5533 | Fax: (310) 553-5536
jft@stonebrooklaw.com

15    

16    JASMINE DUEL (SBN 271872)
DUEL LAW FIRM

17    270 North Canon Drive, Third Floor
Beverly Hills, California 90210

18    Tel: (310) 975-7095 | Fax: (310) 846-8549
jasmine@duellawfirm.com

19    

20    Attorneys for Plaintiff
SOCORRO OLIVIA ALVITRE

21    

22    

23    

24    

25    

26    

27    

28    

2

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff Socorro Olivia Alvitre ("Plaintiff") complains and alleges against Defendant Colonial Life & Accident Insurance Company ("Defendant), individually and on behalf of all persons currently and formerly employed by Defendant in California as insurance salespersons or in other non-exempt positions with similar job titles, descriptions, and/or duties (the "Class Members"), as follows:

## **THE PARTIES**

### Plaintiff

1.      Plaintiff is, and at all relevant times was, an individual residing in Los Angeles County, California.

### Defendant

2.      Defendant is, and at all relevant times was, a South Carolina corporation doing business in California.

### Does

3.      Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, and, therefore, sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences alleged herein and that Plaintiff's damages were proximately caused by their conduct.

### Agency

4.      Plaintiff is informed and believes and based thereon alleges that at, all material times, each defendant was the agent, employee, partner, joint venture, co-conspirator, owner, principal, and employer of the remaining defendants, and is, and at all times herein mentioned was, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture. Plaintiff

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  is further informed and believes and based thereon alleges that the acts and conduct

2  alleged herein were known to, and authorized, directed, and/or ratified by, the

3  officers, directors, and managing agents of the business entity defendants, and each

4  of them.

5  **FACTUAL BACKGROUND**

6  ***Background on Defendant***

7  5.    Defendant sells various insurance such as life insurance, disability

8  insurance, and other types of insurance to both public and private employers for the

9  benefit of its employees.  Defendant operates nationwide and throughout many

10  parts of California.

11  ***Plaintiff's Employment***

12  6.    Plaintiff began working for Defendant in approximately May 2013 as

13  an insurance salesperson.  She initially started as a public sector representative in

14  the city of Los Angeles. In approximately 2015, Plaintiff sold insurance to both

15  employees of the city of Los Angeles and Los Angeles County.

16  ***Defendant's Misclassification of Class Members as Independent Contractors***

17  7.    Throughout the course of her employment, Defendant misclassified

18  Class Members as independent contractors, rather than employees. Class Members

19  were not free from the control and direction of Defendant in the performance of

20  their job. At times, Class Members were pressured to sell more insurance, meet

21  certain quotas, and attend work meetings. Defendant also instructed Class Members

22  what sectors to sell insurance to and would reprimand them and threated to not pay

23  them their commissions if they sold insurance to those clients outside of those

24  companies they were permitted to sell insurance to.  Class Members do not perform

25  work that is outside the usual course of Defendant's business.

26  ***Defendant's Failure to Pay Earned Wages and Minimum Wages***

27  8.    At relevant times, Defendant illegally required Class Members to

28  work during periods when their hours were not being recorded, also known as "off-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

the-clock" work. During these periods, Class Members were not paid at least minimum wages. Specifically, Class Members regularly worked overtime and double time throughout the course of their employment. In addition, Defendant required Class Members to attend various company meetings. However, Defendant only paid Class Members a commission on their total sales.

9.    In addition, Defendant failed to pay Class Members overtime compensation, as explained below. During these periods, Class Members were not paid at least minimum wages.

### *Defendant's Failure to Pay Overtime Compensation*

10.    At relevant times, Defendant failed to pay Class Members one and a half times their regular rate for work performed over 40 hours in a workweek, over 8 hours in a workday, or up to 8 hours on the seventh consecutive day of work.

11.    In addition, at relevant times, Defendant failed to pay Class Members two times their regular rate for work performed over 12 hours in a workday or over 8 hours on the seventh consecutive day of work.

12.    At least some of the unpaid hours worked by Class Members constituted overtime, for which they were not compensated.

### *Defendant's Failure to Provide Meal and Rest Breaks*

13.    At relevant times, Defendant did not provide Class Members with timely, duty-free, and uninterrupted meal periods of at least 30 minutes for each five hours of work, and failed to pay premium wages of one hour's pay in lieu of providing such meal periods. On days when they worked over ten hours, Class Members did not receive a second compliant meal break.

14.    At relevant times, Defendant did not authorize and permit Class Members to take timely, duty-free, and uninterrupted rest periods of at least 10 minutes net for each four hours of work or major fraction thereof, and failed to pay premium wages of one hour's pay in lieu of providing such rest periods.

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

15.     Defendant failed to provide Class Members with a compensation plan that separately accounted and paid for their rest periods. Defendant only paid Class Members a commission on their total sales.

16.     Defendant failed to maintain a compliant meal and rest break policy and failed to create conditions that relieved Class Members of all of their duty. Defendant undermined Class Members' break rights by discouraging and impeding them from taking breaks, pressuring them to perform their duties in ways that omit breaks, and encouraging them to skip their breaks.

17.     Moreover, Class Members were regularly working on their own and did not have anyone to relieve them for their breaks.

18.     Defendant's failure to provide Class Members with legally required meal and rest breaks is evidenced by Defendant's business records, which contain inadequate record of these breaks.

### *Defendant's Failure to Provide Timely and Accurate Wage Statements*

19.     Defendant knowingly and intentionally failed to provide Class Members with timely and accurate wage and hour statements. Class Members did not receive paystubs stating their true hours worked, nor was a system maintained by Defendant to properly account for their true hours worked.

20.     Defendant knowingly failed to provide Plaintiff and Class Members with timely and accurate wage statements that included all of the following: (1) gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages earned, (5) the pay period, (6) the employee name and social security number or employee number, (7) the name and address of the legal entity employer, and (8) all applicable hourly rates in effect and corresponding hours worked at each rate.

### *Defendant's Failure to Timely Provide Earned Wages Upon Separation*

21.     Defendant willfully failed to pay Class Members earned wages immediately upon discharge or within 72 hours of resignation.

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CLASS ACTION ALLEGATIONS</u>

### <u>The Class</u>

22.    Plaintiffs brings this class action individually and on behalf of all other similarly situated individuals ("Class Members") belonging to one or more of the following subclasses:

- **Unlawful Misclassification Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were misclassified as independent contractors.

- **Unpaid Wages Subclass:** Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were subject to unpaid wages, including minimum wages and overtime compensation, for the time these employees spent performing off-the-clock work.

- **Unlawful First Meal Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not paid a meal break premium for each day in which they worked more than 5 hours but did not receive a timely, duty-free, and uninterrupted meal period of at least 30 minutes within the first 5 hours of work.

- **Unlawful Second Meal Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not paid a meal break premium for each day in which they worked more than 10 hours but did not receive a

7

timely, duty-free, and uninterrupted meal period of at least 30 minutes after 5 hours of work but on or before 10 hours of work.

- **Unlawful First and Second Rest Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not paid a rest break premium for each day in which they did not receive a paid first rest break of at least 10 minutes after 3.5 hours of work but on or before 6 hours of work or a paid second rest break of at least 10 minutes after 6 hours of work but on or before 10 hours of work.

- **Unlawful Third Rest Period Policy Subclass**: Defendant's current and former California insurance salespersons who, at any time from four years preceding the filing of the initial complaint in this action to the date of judgment, were not paid a rest break premium for each day in which they did not receive a paid rest break of at least 10 minutes after 10 hours of work but on or before 14 hours of work.

- **Waiting Time Subclass**: Defendant's current and former California insurance salespersons who, at any time from three years preceding the filing of the initial complaint in this action to the date of judgment, were not paid all wages owed immediately upon discharge or within 72 hours of resignation.

- **Wage Statement Subclass**: Defendant's current and former California insurance salespersons who, at any time from one year preceding the filing of the initial complaint in this action to the date of judgment, did not receive timely and accurate wage statements in accordance with California Labor Code section 226.

- **Indemnification and Reimbursement Subclass**: Defendant's current and former California insurance salespersons who, at any time from

8

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

four years preceding the filing of the initial complaint in this action to the date of judgment, were not indemnified or reimbursed for business expenditures and losses.

23.     Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

Numerosity

24.     The Class Members are sufficiently numerous that joinder of each Class Member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.

25.     Accounting for employee turnover during the relevant time period necessarily increases this number. Defendant's employment records will provide information as to the number and location of all Class Members.

Typicality

26.     Plaintiff's claims are typical of the claims of other Class Members. Plaintiff and other Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

Commonality

27.     There is a well-defined community of interest in the questions of law and fact involving all Class Members in that Defendant treated Class Members uniformly. Common questions of law and fact predominate over questions that affect only individual Class Members.

Superiority

28.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all Class Members is impractical, class action treatment will permit a large number of

9

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual Class Members to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

<u>Adequacy</u>

29.    Plaintiff and her counsel will fairly and adequately protect the interests of other Class Members. Plaintiff has no interests that are adverse to the interests of other Class Members.

## **CALIFORNIA LABOR CODE § 2699, ET SEQ. VIOLATIONS**

30.    As a result of the above and by way of Defendant's misclassification of Plaintiff and other Aggrieved Employees, Defendant violated the following California laws:

a.    **Labor Code sections 350(b), 2750.5, and 226.8** for Defendant's willful misclassification of its employees as independent contractors.

b.    **Labor Code sections 510 and 1194** for Defendant's failure to pay overtime and double time compensation.

c.    **Labor Code sections 510, 1194, 1194.2, and 1197** for Defendant's failure to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

d.    **Labor Code section 226.7** for Defendant's failure to provide proper rest periods and failure to provide an additional hour of pay at the regular

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

rate of compensation in lieu of the mandated rest period required under the Labor Code.

        e.    **Labor Code sections 226.7 and 512** for Defendant's failure to provide proper meal periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated meal period required under the Labor Code.

        f.    **Labor Code section 226** for Defendant's failure to provide timely and accurate wage statements.

        g.    **Labor Code section 226(a)** for Defendant's failure to provide written wage statements at all.

        h.    **Labor Code sections 201, 202, and 203** for Defendant's failure to pay all wages immediately upon termination or within 72 hours after notice of separation.

        i.    **Labor Code section 204** for Defendant's failure to pay all earned wages within the time prescribed in subsections 204(a) and 204(b).

        j.    **Labor Code section 206** for Defendant's failure to pay all undisputed wages.

        k.    **Labor Code section 226.3** for Defendant's violation of Labor Code section 226(a).

        l.    **Labor Code section 210** for Defendant's failure to pay wages as provided in Labor Code sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and/or 1197.5.

        m.    **Labor Code sections 1174 and 1174.5** for Defendant's failure to maintain compliant employee and payroll records.

        n.    **Labor Code section 221** for Defendant collecting and receiving owed wages.

        o.    **Labor Code section 1197.1** for Defendant paying, or causing to be paid, a wage less than the minimum wage.

11

p.    **Labor Code section 558** for Defendant violating, or causing to be violated, a section of the chapter of the Labor Code starting with Labor Code section 500, et seq. or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.

q.    **Labor Code section 558.1** for Defendant violating, or causing to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, and violating, or causing to be violated, Sections 203, 226, 226.7, 1193.6, 1194, and/or 2802.

r.    **Labor Code section 1199** for Defendant violating, or causing to be violated, the provisions of the order of the Industrial Welfare Commission.

s.    **Labor Code section 1198** for Defendant employing employees for longer hours than those fixed by the Industrial Welfare Commission or under conditions of labor prohibited by the Industrial Welfare Commission, including, <u>but not limited to</u>:

i.    **Wage Order 4-2001 (or other applicable Wage Order), Section 12**, requiring Defendant to provide its employees with adequate rest periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

ii.    **Wage Order 4-2001 (or other applicable Wage Order), Section 11**, requiring Defendant to provide its employees with adequate meal periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

iii.    **Wage Order 4-2001 (or other applicable Wage Order), Section 3**, requiring Defendant to pay overtime and double time compensation.

iv.    **Wage Order 4-2001 (or other applicable Wage Order), Section 4**, requiring Defendant to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

v.      **Wage Order 4-2001 (or other applicable Wage Order), Section 4**, requiring Defendant to pay one hour's pay at the minimum wage in addition to the minimum wage for that workday when an employee works a shift.

vi.      **Wage Order 4-2001 (or other applicable Wage Order), Section 5**, requiring Defendant to pay reporting time pay.

vii.      **Wage Order 4-2001 (or other applicable Wage Order), Section 7**, requiring Defendant to maintain accurate information with respect to each employee, provide employees with thorough and accurate itemized wage statements, and provide clocks within a reasonable distance from employees' work areas.

viii.      **Wage Order 4-2001 (or other applicable Wage Order), Section 14**, requiring Defendant to provide its employees with suitable seating.

t.      **Labor Code sections 245 and 246** for Defendant's failure to provide its employees sick days.

u.      **Labor Code section 2802** for Defendant's failure to indemnify for all necessary business expenditures or losses.

v.      **Labor Code sections 1183, 207, 6328, 3550, 1102.8, and 6404.5(c)** for Defendant's failure to provide proper notice or posting requirements in the workplace.

w.      **Labor Code section 551** for Defendant's failure to provide one day's rest in seven.

x.      **Labor Code section 552** for Defendant causing its employees to work more than six days in seven.

31.    Plaintiff is informed and believes and thereon alleges that Defendant committed these same and/or similar violations of the Labor Code against Plaintiff

13

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

and all other Aggrieved Employees as matters of common policies and/or practices applicable to Plaintiff and other Aggrieved Employees.

## **PRE-FILING REQUIREMENTS UNDER PAGA**

32.    Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1)(A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

33.    Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

34.    Labor Code §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

35.    Labor Code §2699.3(c) further states in pertinent part: "(2)(A) The employer may cure the alleged violation within 33 calendar days of the postmark date of the notice. The employer shall give written notice by certified mail within that period of time to the aggrieved employee or representative and the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699."

36.    Here, Plaintiff's civil action alleges violations of provisions listed in Labor Code §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such, Labor Code §2699.3(a) and §2699.3(c) apply to this action.

37.    Plaintiff complied with Labor Code §2699.3(a) and Labor Code §2699.3(c) in that Plaintiff gave written notice by online filing with the LWDA and by certified mail to Defendant on or about February 3, 2022, outlining the specific provisions of the Labor Code alleged in this lawsuit to have been violated, including the facts and theories to support the alleged violations.

38.    As of April 9, 2022 (65 calendar days after Plaintiff's February 3, 2022 LWDA notice was filed online), Plaintiff had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiff has complied with Labor Code §2699.3(a) and has been given authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor Code §2699.

39.    Further, as of March 8, 2022 (33 calendar days after Plaintiff's February 3, 2022 LWDA notice was filed online), Plaintiff had not received from Defendant written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiff has complied with

15

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  Labor Code §2699.3(c) and has been given authorization therefrom to commence a

2  civil action which includes a cause of action pursuant to Labor Code §2699.

3  <u>**FIRST CAUSE OF ACTION**</u>

4  **Failure to Pay State Minimum Wage**

5  **(Cal. Labor Code Sections 1194, 1194.2, 1197, and 1198; IWC Wage Order**

6  **No. 4-2001; IWC Minimum Wage Order No. MW-2017, MW-2019, and MW-**

7  **2021)**

8  (By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant

9  and Does 1 Through 100)

10      40.    Plaintiff re-alleges and incorporates by reference the allegations in the

11  preceding paragraphs as if fully set forth herein.

12      41.    Labor Code section 1198 makes it unlawful for an employer to employ

13  an employee for longer hours than those fixed by the Industrial Welfare

14  Commission Wage Orders or under conditions of labor prohibited by Industrial

15  Welfare Commission Wage Orders.

16      42.    Industrial Welfare Commission Wage Order No. 4-2001, section 4,

17  provides in pertinent part the following:

18          4. MINIMUM WAGES

19          (A) Every employer shall pay to each employee wages not less than the following:

20          (1) Any employer who employs 26 or more employees shall pay to each employee wages not less than the following:

21          (a) Ten dollar and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017;

22          (b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2018….

23

24

25      43.    California Labor Code section 1194 provides in pertinent part the

26  following:

27          1194. (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation

28          applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this

16

minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

44.     California Labor Code section 1194.2 provides in pertinent part the following:

> 1194.2. (a) In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

45.     California Labor Code section 1197 provides in pertinent part the following:

> 1197. The minimum wage for employees fixed by the commission or any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

46.     California Minimum Wage Order MW-2017 states that, for employers with 26 or more employees, for labor performed from January 1, 2018 to December 31, 2018, the minimum wage is $11.00 per hour. For employers with 25 or fewer employees, for labor performed from January 1, 2018 to December 31, 2018, the minimum wage is $10.50 per hour.

47.     California Minimum Wage Order MW-2019 states that, for employers with 26 or more employees, for labor performed from January 1, 2019 to December 31, 2019, the minimum wage is $12.00 per hour; for labor performed from January 1, 2020 to December 31, 2020 , the minimum wage is $13.00 per hour. For employers with 25 or fewer employees, for labor performed from January 1, 2019 to December 31, 2019, the minimum wage is $11.00 per hour; for labor performed from January 1, 2020 to December 31, 2020, the minimum wage is $12.00 per hour.

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

48. California Minimum Wage Order MW-2021 states that, for employers with 26 or more employees, for labor performed from January 1, 2021 to December 31, 2021, the minimum wage is $14.00 per hour; for labor performed from January 1, 2022 to December 31, 2023, the minimum wage is $15.00 per hour. For employers with 25 or fewer employees, for labor performed from January 1, 2021 to December 31, 2021, the minimum wage is $13.00 per hour; for labor performed from January 1, 2022 to December 31, 2022, the minimum wage is $14.00 per hour.

49. At relevant times herein, Defendant intentionally failed to pay Plaintiff and Class Members minimum wages required by state law.

50. Plaintiff and Class Members are entitled to recover their earned wages at the minimum wage rate, interest thereon, and reasonable attorney fees and costs. Pursuant to Labor Code section 1194.2, Plaintiff and Class Members are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

51. As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Compensation

### (California Labor Code Sections 510, 1194, and 1198; IWC Wage Order No. 4-2001)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

52. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

///

18

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

53.     Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

54.     Industrial Welfare Commission Wage Order No. 4-2001, section 3, provides in pertinent part the following:

> 3. HOURS AND DAYS OF WORK
> (A) Daily Overtime - General Provisions
> (1) … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
> (a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

55.     California Labor Code section 510 provides in pertinent part the following:

> 510.  (a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee….

56.     California Labor Code section 1194 provides in pertinent part the following:

19

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

> 1194. (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

57.    At relevant times herein, Defendant failed to pay Plaintiff and Class Members overtime compensation in accordance with California law.

58.    As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

### THIRD CAUSE OF ACTION

### Failure to Pay Meal Period Compensation

### (California Labor Code Sections 226.7, 512, and 1198; IWC Wage Order No. 4-2001)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

59.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

60.    Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

61.    Industrial Welfare Commission Wage Order No. 4-2001, section 11, provides in pertinent part the following:

> 11. MEAL PERIODS
> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes….
> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1)

20

hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

62.    California Labor Code section 512 provides in pertinent part the following:

512. (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

63.    California Labor Code section 226.7 provides in pertinent part the following:

226.7….(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

64.    At relevant times herein, Defendant caused Plaintiff and Class Members to work for periods of more than five hours without a meal period of at least 30 minutes.

65.    Plaintiff and Class Members were not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated meal period required by the Labor Code.

66.    As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the

21

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

### FOURTH CAUSE OF ACTION

### Failure to Pay Rest Period Compensation

### (California Labor Code Sections 226.7 and 1198; IWC Wage Order 4-2001)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

67.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

68.    Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

69.    California Labor Code section 226.7 provides in pertinent part the following:

> 226.7(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

70.    Industrial Welfare Commission Wage Order No. 4-2001, section 12, provides in pertinent part the following:

> 12. REST PERIODS
> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time

22

shall be counted as hours worked for which there shall be no deduction from wages.
(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

71.     At relevant times herein, Defendant caused Plaintiff and Class Members to work for periods of more than four hours or major fraction thereof without rest periods of at least 10 minutes.

72.     Plaintiff and Class Members were not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated rest period required by the Labor Code.

73.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## FIFTH CAUSE OF ACTION

**Failure to Furnish Timely and Accurate Wage Statements**

**(California Labor Code Sections 226 and 1198; IWC Wage Order No. 4-2001)**

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

74.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

75.     Labor Code section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

76.     California Labor Code section 226 provides in pertinent part the following:

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

226. (a) Every employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer… and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee….

(e)   (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

77.   Industrial Welfare Commission Wage Order No. 4-2001, section 7, provides in pertinent part the following:

7. RECORDS
…
(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item….

78.   At relevant times herein, Defendant knowingly and intentionally failed to furnish Plaintiff and Class Members with timely and compliant wage statements.

79.   Pursuant to Labor Code section 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or a statutory penalty equal

24

to $50 for the initial pay period in which the wage statement violation occurred and $100 for each violation in a subsequent pay period, up to a total of $4,000.

80.    Defendant's conduct also entitles Plaintiff and Class Members to seek preliminary and permanent injunctive relief, including, but not limited to, an order that Defendant issue wage and hour statements to its workers that comply with Labor Code section 226.

81.    As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

<u>**SIXTH CAUSE OF ACTION**</u>

**Waiting Time Penalties**

**(California Labor Code Sections 201, 202, and 203)**

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

82.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

83.    California Labor Code sections 201 through 203 provide in pertinent part the following:

> 201. (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately….

> 202. (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting…

> 203. (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

therefor is commenced; but the wages shall not continue for more than 30 days….

84.     At relevant times herein, Defendant willfully failed to pay Plaintiff and Class Members who have separated from Defendant earned wages immediately upon discharge or within 72 hours of resignation.

85.     Pursuant to Labor Code section 203(a), Plaintiff and separated Class Members are entitled to a statutory penalty based on Plaintiff and separated Class Members' daily wage rate starting from Plaintiff and separated Class Members employment end date until 30 days from Plaintiff and separated Class Members' employment end date.

86.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and separated Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## SEVENTH CAUSE OF ACTION

### Failure to Indemnify for All Necessary Expenditures and Losses
### (California Labor Code Section 2802)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

87.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

88.     California Labor Code section 2802 provides in pertinent part the following:

> 2802. (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.
> …

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

89.     At relevant times herein, Defendant failed to indemnify Plaintiff and Class Members for all necessary expenditures and losses incurred in direct consequence of the discharge of Plaintiff and Class Members' duties or of Plaintiff and Class Members' obedience to Defendant's directions.

90.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff and Class Members have sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## EIGHTH CAUSE OF ACTION

### Unfair Competition

### (California Business & Professions Code Section 17200, et seq.)

(By Plaintiff, Individually and on Behalf of All Class Members, Against Defendant and Does 1 Through 100)

91.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

92.     Defendant's above violations constitute unfair business practices in violation of the UCL.

93.     Plaintiff and Class Members have suffered injury in fact and have lost money or property as a result of Defendant's unfair business practices, and Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff and Class Members.

94.     Plaintiff and Class Members are thus entitled to declaratory and equitable relief, including, but not limited to, restitution of all amounts owing to Plaintiff and Class Members.

///

///

///

27

## **<u>NINTH CAUSE OF ACTION</u>**

### **Private Attorneys General Act**

### **(California Labor Code Section 2698 *et seq.*)**

(By Plaintiff, Individually and In a Representative Capacity, Against Defendant and Does 1 Through 100)

95.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

96.    The Labor and Workforce Development Agency (LWDA) is authorized to assess and collect civil penalties for specified violations of the Labor Code. However, as a result of the LWDA's limited resources, the California legislature enacted the Private Attorney General Act of 2004 (PAGA) to allow aggrieved employees to step into the shoes of the LWDA and initiate a private civil action to recover civil penalties.

97.    Plaintiff is a former employee of Defendant who is aggrieved as a result of Defendant's aforementioned wrongful acts and omissions during the relevant time period.

98.    Defendant's aforementioned wrongful acts and omissions constituted violations of the Labor Code and/or applicable IWC Wage Order, as set forth herein, including Labor Code sections 201, 202, 203, 204, 206, 207, 210, 221, 226, 226(a), 226.3, 226.7, 226.8, 245, 246, 350(b), 510, 512, 551, 552, 558, 558.1, 1102.8, 1174, 1174.5, 1183, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2750.5, 2802, 3550, 6328, and 6404.5(c), as well as the violations of Business and Professions Code section 17200, et seq., and other California Regulations.

99.    As a result of Defendant's aforementioned wrongful acts and omissions, Plaintiff is entitled to one hundred dollars ($100) for each initial Labor Code violation and two hundred dollars ($200) for each subsequent violation, except for those sections that provide for different penalties, in which case Plaintiff

28

is entitled to the penalties specified, and/or any and all other penalties permitted by PAGA.

100.    As set forth above, Plaintiff has complied with all pre-filing requirements of Labor Code section 2699.3.

101.    Labor Code section 2699(i) allocates 75% of all penalties recovered under Labor Code section 2699, et seq., to the LWDA, for enforcement of labor laws and for education of employers and employees about their rights and responsibilities, and 25% to the aggrieved employees.

102.    Thus, Plaintiffs are entitled to recover 25% of all civil penalties pursuant to Labor Code section 2699(f) against Defendant. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

103.    Labor Code section 2699(g)(1) entitles aggrieved employees to recover reasonable attorney's fees and costs. The attorney's fees and costs provided for in this section shall not limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under Labor Code section 2699.

104.    Thus, Plaintiffs are entitled to recover the abovementioned civil penalties and reasonable attorney fees and costs.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages, in an amount according to proof.

2.    For all statutory and civil penalties authorized by law.

3.    For liquidated damages authorized by law.

4.    For restitution of all wrongfully withheld amounts and disgorgement of all ill-gotten profits, in an amount according to proof.

5.    For preliminary and permanent injunctive relief requiring Defendants to cease and desist from further unfair competition and to bring Defendants in

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  compliance with the aforementioned laws.

2      6.      For attorney fees and costs pursuant to all applicable provisions of

3  law.

4      7.      For costs of suit incurred herein.

5      8.      For prejudgment interest.

6      9.      For such other relief as the court may deem proper.

7  Dated: November 10, 2022            HAINES LAW GROUP, APC

8

9                                By: _____

10                                    FLETCHER W. SCHMIDT
                                      Attorney for Plaintiff
11                                    SOCORRO OLIVIA ALVITRE

12

13                          **<u>DEMAND FOR JURY TRIAL</u>**

14      Plaintiff demands a trial by jury.

15  Dated: November 10, 2022            HAINES LAW GROUP, APC

16

17                                By: _____

18                                    FLETCHER W. SCHMIDT
                                      Attorney for Plaintiff
19                                    SOCORRO OLIVIA ALVITRE

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT